**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. : 9:25-cv-81215-AMC**

UBS FINANCIAL SERVICES INC.,

        Plaintiff,

v.

ANDREW PLUM, THOMAS
CULLEN, KATHLEEN BURKE, and
TAYLOR MARSH,

        Defendants.

## STIPULATED PRELIMINARY INJUNCTION ORDER

THIS CAUSE having come before the Court by agreement of the Plaintiff, UBS Financial

Services Inc. ("UBS" or "Plaintiff"), and Defendants Andrew Plum, Thomas Cullen, Kathleen

Burke and Taylor Marsh ("Defendants") (Plaintiff and Defendants collectively are referred to as

the "parties" or individually as a "party"), on Plaintiff's Emergency Motion for Preliminary

Injunction, and the Court having reviewed the file, and being otherwise advised in the premises, it

is hereby

      **ORDERED and ADJUDGED** as follows:

      1.     Defendants are enjoined from directly or indirectly interfering with or soliciting a

UBS client who maintains or maintained an ALFA Account, including by initiating, whether

directly or indirectly, including in concert with any representative of their new employer or any

other person, any contact or communication of any kind whatsoever, including by way of an

"announcement" of their new employer, for the purpose of inviting, encouraging, or requesting a

UBS client who maintains or maintained an ALFA Account or that may have the effect of inviting,

encouraging, or requesting a client who maintains or maintained an ALFA Account, to transfer any account from UBS to Defendants, to open a new account with Defendants, or to discontinue the client's business relationship with UBS. As used herein, ALFA Account shall mean any UBS account defined as an ALFA Account Receiving FA Agreement signed by Defendant Plum on December 1, 2019, the ALFA Receiving FA Agreement signed by Defendant Plum on March 24, 2022, or the ALFA Receiving FA Agreement signed by Defendants Plum, Cullen and Burke on April 24 and April 27, 2023.

2.    Nothing in Paragraph 1 of this Stipulated Preliminary Injunction Order shall prohibit Defendants from: (a) processing account transfer requests received from UBS clients or (b) doing business with UBS clients after they have opened accounts. Further, nothing in Paragraph 1 of this Preliminary Injunction shall prohibit Defendants from responding to incoming calls and questions initiated by UBS clients; and/or meeting with a UBS client upon that client's request, so long as Defendants do not initiate and have not initiated, directly or indirectly, any contact or communication of any kind whatsoever with such UBS clients in violation of Paragraph 1, after this order becomes effective. Nothing in this Paragraph 2 shall release Defendants from their obligation to not solicit UBS Clients during any such calls or meetings, as that term is defined in their non-solicitation agreements (e.g. inviting, encouraging or requesting a UBS Client to transfer any account from UBS to Defendants, to open a new account with Defendants or to discontinue the client's business relationship with UBS). It shall not be deemed a violation of this Paragraph to respond to a question from a client or provide information pursuant to a client's request.

3.    Defendants are enjoined from possessing, using or disclosing any UBS Confidential Information. As used in this Order, "Confidential Information" shall mean any non-public information concerning UBS, its financial data, strategic business plans, products and

product development, services, client relationships and prospective client relationships, client lists and contact information, client information (including but not limited to its clients' past and present financial conditions, investment practices, preferences, activities, objectives and plans and other client data Defendants obtained while in UBS's employ), marketing plans, and any other trade secrets or confidential or proprietary information. Confidential Information shall not include any information (a) Defendants obtained from publicly available sources after their resignations without using tangible or electronic UBS Confidential Information to facilitate searching the publicly available information or (b) obtained from UBS clients after Defendants' resignation from UBS.

4.      No later than 72 hours after the date of this Order, Defendants shall return to UBS all tangible Confidential Information in their possession, custody, or control. Counsel for Defendants may retain a copy for litigation purposes only of any documents being returned. If Defendants contend they are not in possession of any such documents, they shall certify in writing no later than 72 hours after the date of this Order, under penalties of perjury, that after a diligent search, said Defendant does not have any tangible Confidential Information in their possession, custody, or control.

5.      No later than 72 hours after the date of the Order, the Defendants shall produce to a mutually agreed upon third-party forensic consultant (the "Consultant") for imaging (which may be remote if the Consultant advises it is consistent with best practices), review and deletion of Confidential Information any personal mobile phone they used during the last two years of their employment with UBS, as well as any other electronic device containing Confidential Information (collectively, the "Devices"). After creating forensic images of the Devices, the Consultant shall promptly return the Devices to Defendants, unless the devices are imaged remotely. Pending

deletion of Confidential Information, Defendants shall not use or disclose any Confidential Information in the Devices.  The process to be used by the Consultant to identify and delete Confidential Information shall be set forth in a protocol to be agreed to by the parties, but the process shall include at minimum (i) running searches on the Devices using as search terms the names and contact information of UBS clients, (ii) the first-pass review by counsel for Defendants of the documents and files located by the searches for any privileged content or personal confidential content unrelated to UBS clients, (iii) the provision to UBS of the documents and files located by the searches minus any privileged content or personal confidential content as determined in good faith by counsel for Defendants, and (iv) the permanent deletion from the Devices and any affiliated cloud storage accounts of any Confidential Information. The parties agree to split 50% UBS and 50% Defendants the cost of the forensic examination and deletion process performed by the Consultant.

6.      Defendants understand and agree, and have been on notice since no later than September 21, 2025, that they have an obligation to preserve all evidence of their use and/or retention of UBS Confidential Information and their communications with UBS clients in this case. UBS will likewise instruct relevant employees to preserve relevant evidence.

7.      This Stipulated Preliminary Injunction Order shall continue in full force and effect until: (a) such time as a FINRA Dispute Resolution arbitration panel rules on Plaintiff's request for permanent injunctive relief after a hearing on the merits; (b) further agreement of the parties; or (c) the end of the restricted periods set forth in the non-solicitation covenants in the agreements at issue; whichever comes first. This stipulation regarding the duration of the Stipulated Preliminary Injunction Order shall be without prejudice to any arguments by Defendants regarding the reasonableness of the duration of said non-solicitation covenants.

8.      Plaintiff and Defendants further stipulate that the parties waive their right to a hearing on Plaintiff's emergency motion for a preliminary injunction, and that this Court need take no further action on Plaintiff's request for a preliminary injunction or for expedited discovery.  As the merits of this dispute are required to be resolved by a FINRA arbitration panel, the Court hereby stays this matter pending a determination of the merits by a FINRA arbitration panel or as otherwise resolved by agreement of the parties.  The parties will proceed with arbitration on a standard, non-expedited track before FINRA's Dispute Resolution, including with respect to the appointment of arbitrators, and agree that no hearing pursuant to Rule 13804(b) will be held within 15 days of this Stipulated Preliminary Injunction Order.

9.      Plaintiff and Defendants further stipulate that by entering into this Stipulated Preliminary Injunction Order, and by consenting to this Stipulated Preliminary Injunction Order being "So Ordered" by the Court, Defendants do not agree to or admit any liability or acknowledge any wrongdoing, nor shall entering into such Stipulated Preliminary Injunction Order be deemed to be an admission of any liability or acknowledgement of any wrongdoing by any party. Plaintiff and Defendants further stipulate that the Court, by "So Ordering" this Stipulated Preliminary Injunction Order, does not make any findings of fact or any determination as to liability, and further it is not making any findings as to whether any of the Defendants violated their agreements with Plaintiff. Defendants expressly contest that an "announcement" is a solicitation and contend that any such restriction would harm customer choice.

10.     This Stipulated Preliminary Injunction is binding upon Defendants, their agents, and those in active concert or participation with them who receive actual notice of this Order, including Defendants' current employer .

11.     Plaintiff shall direct its employees who are reasonably likely to be communicating with the relevant customers not to affirmatively raise this stipulated preliminary injunction order with such customers or use this order to cast Defendants in a negative light when communicating with the relevant customers.

12.     This Stipulated Preliminary Injunction Order is not a decision on the ultimate merits of the dispute and is without prejudice to the rights, remedies, claims, or defenses of any party hereto, and no party hereto shall argue in the FINRA arbitration that this Stipulated Preliminary Injunction Order precludes the making of any substantive argument in the FINRA arbitration, or argue that this Stipulated Preliminary Injunction Order is an admission of fault or liability by any party.

13.     This Stipulated Preliminary Injunction Order shall not prevent the FINRA arbitration panel from issuing any order on the appropriateness of permanent injunctive relief after a hearing on the merits or by agreement of the parties, or from enforcing or modifying this stipulated preliminary injunction order

Although Fed. R. Civ. P. Rule 65(c) requires that security be provided to secure a preliminary injunction, the parties waive the necessity of a bond.

This Order is issued this _____ day of October, 2025.

IT IS SO ORDERED:

_____
AILEEN CANNON
United States District Court Judge

AGREED TO BY::

JACKSON LEWIS P.C.

By:_*s/Jennifer M. Taylor*_____
Jennifer M. Taylor, Esq.
Florida Bar No. 174203
Email: *Jennifer.taylor@jacksonlewis.com*
One Downtown
1 SE 3rd Avenue, Suite 2300
Miami, FL 33131
Telephone: (305) 577-7600

*Attorneys for Plaintiff*

SHUMAKER, LOOP & KENDRICK

By: *s/ Michael D. Bressan*_____
Michael S. Taaffe, Esq.
Florida Bar No. 0490318
Email: *MTaaffe@Shumaker.com*
Michael D. Bressan, Esq.
Email: *MBressan@Shumaker.com*
James E. Fanto, Esq.
Email: *JFanto@Shumaker.com*
Charles A Wood, Jr. Esq.
Email: *CWood@Shumaker.com*
240 South Pineapple Avenue, 10th Floor
Sarasota, FL 34236
Telephone: (941) 366-6660

*Attorneys for Defendants*